No. 94,774

STATE OF KANSAS, *Appellee*, v. JOBY M. HOGE, *Appellant*.

(150 P.3d 905)

Opinion filed February 9, 2007.

*Bryan C. Hitchcock*, of Maughan Hitchcock LC, of Wichita, argued the cause, and *Carl F.A. Maughan*, of the same firm, was with him on the brief for appellant.

*Jeffrey E. Evans*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Phill Kline*, attorney general, were with him on the brief for appellee.

The opinion was delivered by

LUCKERT, J.: Defendant Joby Hoge appeals the district court's denial of his pro se motion for correction of an illegal sentence pursuant to K.S.A. 22-3504(1). He argues the district court's order failed to comply with Kansas Supreme Court Rule 183(j) (2006 Kan. Ct. R. Annot. 227), which requires a district court to make findings of fact and conclusions of law on all issues presented in an action filed pursuant to K.S.A. 60-1507. He also contends that the district court committed error by not appointing counsel and conducting a hearing on his motion to correct an illegal sentence.

This is the second appeal related to Hoge's convictions for first-degree murder and aggravated burglary. In *State v. Hoge*, 276 Kan. 801, 80 P.3d 52 (2003), he raised several issues, arguing: (1) the district court should have given an instruction for intentional second-degree murder as a lesser included offense, (2) the district court improperly instructed the jury that it could rely on the combined theories of premeditated murder and felony murder rather than agreeing on a single theory, (3) the first-degree murder conviction must be reversed because Hoge was denied a unanimous verdict, (4) there was insufficient evidence of premeditation, (5) the district court improperly excluded evidence that the victim sold drugs, and (6) the district court improperly responded to the jury's question during deliberations. Hoge's convictions were ultimately affirmed.

On December 9, 2004, Hoge filed a pro se motion to correct an illegal sentence. In his pro se memorandum of support, Hoge asserted that the "thrust" of his motion related to "several errors" within the complaint/information, sufficiency of the evidence, erroneous jury instructions, jurisdiction, and "the sentence and conviction of [the] defendant." Hoge specified that the complaint and accompanying jury instruction were "jurisdictionally and fatally defective." According to Hoge, his due process rights were violated because certain language in the complaint and jury instruction was not identical to the applicable statutory language. He contended that the first-degree murder charge erroneously included the terms "unlawfully," "by shooting," and "inflicting injuries" and that this

language was then erroneously omitted from the accompanying jury instruction. Hoge also essentially requested permission to proceed in forma pauperis.

The district court did not appoint counsel for Hoge and did not hear oral argument before denying Hoge's motion. The court rejected Hoge's claim of jurisdictional defect, finding that the language of which Hoge complained specifically explained the basis for the charge of premeditated first-degree murder and was consistent with K.S.A. 2006 Supp. 22-3201(b), which requires the essential facts be included in the complaint. The district court further found that the first-degree murder jury instruction was not improper because the instruction mirrored PIK Crim. 3d 56.01 (Murder in the First Degree). The district court determined: "As the defendant's current motion does not present a substantial issue of fact for this court, the defendant's request to proceed in forma pauperis will not be addressed."

It is from this ruling that Hoge appeals through his appellate counsel.

*Compliance With Kansas Supreme Court Rule 183(j)*

Hoge contends the district court's order denying the motion to correct an illegal sentence failed to comply with Kansas Supreme Court Rule 183(j) (2006 Kan. Ct. R. Annot. 227). This contention has no merit.

The interpretation of a Supreme Court rule is a question of law over which this court has unlimited review. *Gerhardt v. Harris*, 261 Kan. 1007, 1010, 934 P.2d 976 (1997).

Rule 183(j) requires a district court to "make findings of fact and conclusions of law on all issues presented" in addressing a K.S.A. 60-1507 motion. See *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000) (district court's ruling did not comply with Rule 183[j]); *Stewart v. State*, 30 Kan. App. 2d 380, 382, 42 P.3d 205 (2002) (boilerplate journal entries do not comply with Rule 183[j]; case remanded for compliance). Rule 183 does not mention motions to correct sentences; it relates solely to actions under K.S.A. 60-1507.

However, in general, this court has repeatedly "recognized that meaningful appellate review is precluded where a trial court's find-

ings of fact and conclusions of law are inadequate to disclose the controlling facts or basis for the court's findings." *Blair Construction, Inc. v. McBeth,* 273 Kan. 679, 688, 44 P.3d 1244 (2002). Also, in general, this court has treated procedural aspects of motions attacking sentences filed under K.S.A. 22-3504 the same as those filed under K.S.A. 60-1507. See *Love v. State,* 280 Kan. 553, 557, 124 P.3d 32 (2005). We, therefore, conclude that, even though Rule 183(j) does not apply to a motion to correct an illegal sentence filed pursuant to K.S.A. 22-3504, a district court is required to make findings of fact and conclusions of law on all issues presented by the motion and those findings and conclusions must be sufficient to allow meaningful appellate review.

Hoge observes that Kansas appellate courts have required cases to be remanded for findings of fact and conclusions of law where the district court's findings and conclusions were insufficient to allow meaningful review. See, *e.g., Stewart,* 30 Kan. App. 2d at 382.

Hoge relies upon *Moncla,* 269 Kan. at 61, where the district court denied a motion for new trial without analyzing the paper evidence presented regarding new information and made no findings of fact or conclusions of law in support of its denial. This court determined that the district court had not complied with Rule 183(j) and remanded the case for findings. In support of its conclusion, the *Moncla* court stated:

"The merits of Moncla's motion aside, the fundamental problem with the district court's approach here is that it impedes appellate review. How are we to review the decision, even under the abuse of discretion standard, when neither findings nor conclusions based on the findings are stated? Motions for new trials, like many 60-1507 motions, may be meritless and, thus, not entitled to evidentiary hearings. However, the district court must tell us what its findings are and why it concluded the motion to be without merit if we are to conduct any sort of meaningful appellate review." 269 Kan. at 65.

See *State v. Bolden,* 28 Kan. App. 2d 879, 24 P.3d 163, *rev. denied* 271 Kan. 1038 (2001).

Hoge contends that the district court's findings of fact and conclusions of law on the issues presented in Hoge's motion were "insufficient," but he fails to couple any explanation to this con-

tention. As the State points out in its brief, unlike the situation in *Moncla*, the district court in the present case made adequate findings of fact and conclusions of law to allow meaningful appellate review.

*Failure to Appoint Counsel and Conduct an Evidentiary Hearing*

Hoge also contends the district court erred in denying his pro se motion for correction of an illegal sentence without first appointing counsel and conducting an evidentiary hearing. He argues that the plain language of K.S.A. 22-3504(1) bars summary disposition of a motion to correct an illegal sentence. Hoge's contention is not persuasive.

Hoge's arguments, in part, require interpretation of K.S.A. 22-3504. The interpretation of a statute is a question of law over which this court has unlimited review. *State v. Bryan*, 281 Kan. 157, 159, 130 P.3d 85 (2006).

K.S.A. 22-3504(1) provides:

"The court may correct an illegal sentence at any time. The defendant shall receive full credit for time spent in custody under the sentence prior to correction. The defendant shall have a right to a hearing, after reasonable notice to be fixed by the court, to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence."

While Hoge recognizes that Kansas appellate courts have treated motions to correct illegal sentences like K.S.A. 60-1507 motions—where district courts may summarily deny the petitioner's motion if the motion, files, and records of the case conclusively show the petitioner is not entitled to relief—Hoge contends that the language in K.S.A. 22-3504(1) requires the district court to appoint counsel and hold an evidentiary hearing in instances involving a motion to correct an illegal sentence. This court, however, has rejected such a notion. In *State v. Duke*, 263 Kan. 193, 946 P.2d 1375 (1997), this court stated:

"Our decisions have been quite uniform in upholding the propriety of such preliminary examinations on all post-trial motions filed later than 10 days after trial. There is no indication that a motion to correct an illegal sentence was intended by the legislature to be treated differently from a K.S.A. 60-1507 attack upon a sentence. Logic does not require a different treatment. What purpose is served if, unlike another post-trial motion, the filing of a bare-bones conclusory

motion to correct an allegedly illegal sentence triggers a full-blown hearing with defense counsel and the presence of the defendant? We believe the key words in K.S.A. 22-3504(1) relative to the issue before us are 'any proceeding.' The district court should make the preliminary examination as to whether substantial questions of law or fact are raised. If the findings are in the negative, the court should summarily deny the motion. This is not a 'proceeding' within the language of the statute. If the findings are in the affirmative, then the matters can only be resolved in a 'proceeding' as set forth in the statute." 263 Kan. at 195-96.

Hoge urges us to abandon this holding, arguing it is contrary to the plain language of the statute. His arguments are not persuasive. The right to be present, have counsel appointed, and have a hearing relates only to "any proceeding *for the correction* of an illegal sentence." (Emphasis added.) This unambiguous language requires the defendant's presence, with the assistance of counsel, only at the proceeding where an illegal sentence is corrected. Hoge attempts to rewrite the statute to read "any proceeding *relating to a motion* to correct an illegal sentence." (Emphasis added.) Even if we were to deem the language ambiguous and examine legislative intent, there is no indication the legislature intended the presence of a defendant when a court conclusively determines there is no basis "for correction of an illegal sentence."

Therefore, we reaffirm that K.S.A. 22-3504 does not automatically require a full hearing upon the filing of a motion to correct an illegal sentence. *Love*, 280 Kan. at 557 (motions attacking sentences filed under K.S.A. 22-3504 treated no differently than those filed under K.S.A. 60-1507); *State v. Denney*, 278 Kan. 643, 647, 101 P.3d 1257 (2004) (full hearing on motion to correct illegal sentence not automatic). The district court is required to make a preliminary examination of the motion. *State v. Mebane*, 278 Kan. 131, 138, 91 P.3d 1175 (2004). Based upon that preliminary examination, the court can handle the motion in one of three ways. First, the motion can be denied without a hearing or appointment of counsel if the district court determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief. Second, if the district court determines that a substantial issue of fact or law is raised in the motion, a hearing or hearings must be conducted. The defendant is entitled to the assistance of

counsel. Third, if the district court is unable to determine from the motion, files, and record whether or not an issue raised may allow relief, the court must conduct further proceedings, including evidentiary hearings. The defendant is entitled to the assistance of counsel. *Love,* 280 Kan. at 557; *Lujan v. State,* 270 Kan. 163, Syl. ¶ 3, 14 P.3d 424 (2000).

Here, it must be determined whether Hoge's motion, files, and records of the case conclusively show that he is entitled to no relief. Hoge argues that his motion raised substantial questions of law and triable issues of fact, but he fails to assert the merits of his arguments in his appellate brief. Regardless, Hoge's motion clearly has no merit.

K.S.A. 22-3504 only applies if a sentence is illegal. The question of whether a sentence is illegal is a question of law over which this court has unlimited review. *State v. Denney,* 278 Kan. at 646. This court has defined an illegal sentence as a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served. *State v. Nash,* 281 Kan. 600, 601, 133 P.3d 836 (2006); *State v. Duke,* 263 Kan. at 194; *Carmichael v. State,* 255 Kan. 10, 16, 872 P.2d 240 (1994).

In *Nash,* just as in this case, the defendant filed a motion to correct illegal sentence on the ground that the complaint was fatally defective. Nash, who was convicted and sentenced for felony murder and aggravated robbery, argued he was incorrectly charged with taking property only from the "presence" of another rather than from the "person or presence" of another. In *Nash,* this court held that a motion to correct an illegal sentence was not the appropriate remedy for Nash's claim, stating:

"The defendant herein is seeking reversal of his conviction of aggravated robbery as opposed to correction of the sentence imposed on the conviction. In essence, the defendant is seeking to use the correction of an illegal sentence statute as the vehicle for a collateral attack on a conviction. Such relief is not available under K.S.A. 22-3504.

"The district court should have denied relief on the basis that the only relief sought was not available under the statute. However, where the trial court reaches

the right result, it will not be reversed even though its reasoning was not correct. *State v. Graham*, 277 Kan. 121, 133, 83 P.3d 143 (2004)." 281 Kan. at 602.

The same conclusion applies in this case. Relief is not available to Hoge under K.S.A. 22-3504 for the type of defects he alleges in the complaint. The district court correctly denied relief, although for the wrong reason.

Accordingly, the district court did not err in summarily dismissing Hoge's motion to correct an illegal sentence because the motion, files, and records of the case conclusively show that Hoge was entitled to no relief.

Affirmed.

ALLEGRUCCI, J., not participating.

LOCKETT, J., Retired, assigned.