No. 98,553

TODD M. DEAL, *Appellant*, v. STATE OF KANSAS, *Appellee.*

(186 P.3d 735)

Opinion filed June 27, 2008.

*Todd M. Deal*, appellant pro se, was on the brief for appellant.

*David L. Miller*, county attorney, and *Paul J. Morrison*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

NUSS, J.: Following this court's affirmance of Todd M. Deal's conviction for first-degree murder, he filed a motion for correction of an illegal sentence pursuant to K.S.A. 22-3504(1). The district court denied the motion, and Deal appeals. Because a life sentence was imposed, our jurisdiction is pursuant to K.S.A. 22-3601(b)(1). *State v. Thomas*, 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986) (jurisdiction over appeal of a motion to correct illegal sentence lies with court that had jurisdiction to hear original appeal). We affirm.

## FACTS

Todd M. Deal was convicted by a jury of first-degree murder in 1999 and was sentenced to 25 years in prison. His conviction was affirmed by this court in *State v. Deal*, 271 Kan. 483, 23 P.3d 840 (2001). He then filed a motion pursuant to K.S.A. 60-1507, claiming ineffective assistance of counsel. The district court denied Deal's claim, and the Court of Appeals affirmed. *Deal v. State*, No.

92,163, unpublished opinion filed May 6, 2005, *rev. denied* 280 Kan. 981 (2005).

On June 30, 2003, Deal filed a pro se motion to correct an illegal sentence. He first argued that the complaint was jurisdictionally defective because it added elements not required by the first-degree murder statute. Specifically, he objected to the inclusion of the words "unlawfully," "feloniously," and "by suffocation, drowning and/or strangulation."

Deal's four remaining arguments were all essentially based upon his claim that the complaint was defective. He argued that the jury instruction defining first-degree murder omitted the complaint's added elements, *i.e.*, "unlawfully," "feloniously," and "by suffocation, drowning, and/or strangulation." He next argued that his trial counsel was ineffective for failing to object to these purported complaint defects and for failing to file a related motion for arrest of judgment. Deal additionally argued that the State presented insufficient evidence to establish one of the complaint's added elements: that the victim died by suffocation, drowning, or strangulation. Finally, he argued that the defective complaint prevented the district court from having jurisdiction to accept a finding of his guilt.

In denying the motion, the district court found that the complaint "was a plain and concise written statement of the essential facts constituting the crime charged following the language of the statute and was legally sufficient." It also rejected Deal's other arguments, holding that they had already been addressed in the rejected 60-1507 motion.

## ANALYSIS

Deal's motion was filed pursuant to K.S.A. 22-3504, which only applies if a sentence is illegal. See *State v. Hoge*, 283 Kan. 219, 225, 150 P.3d 905 (2007). There, we acknowledged that the question whether a sentence is illegal is a question of law over which this court exercises unlimited review. 283 Kan. at 225. We also acknowledged having previously defined an illegal sentence as "a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character

or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served." 283 Kan. at 225.

Most important, we reiterated in *Hoge* that a motion to correct an illegal sentence is not the appropriate vehicle by which to bring a claim that the complaint was defective. *Hoge*, 283 Kan. at 225-26: see *State v. Nash*, 281 Kan. 600, Syl. ¶ 2, 133 P.3d 836 (2006). The *Nash* defendant argued that the complaint alleging felony murder and aggravated robbery was fatally defective because he was charged with taking property only from the "presence" of another rather than from the "*person or* presence" of another. (Emphasis added.) 281 Kan. at 601. The *Nash* court rejected the defendant's motion to correct an illegal sentence because it effectively was a collateral attack on his conviction, not one seeking "correction of the sentence imposed on the conviction." 281 Kan. at 602.

The *Hoge* defendant made arguments similar to the ones brought by Deal in the present case. Hoge argued:

"[T]he complaint and accompanying jury instruction were 'jurisdictionally and fatally defective.' According to Hoge, his due process rights were violated because certain language in the complaint and jury instruction was not identical to the applicable statutory language. He contended that the first-degree murder charge erroneously *included* the terms 'unlawfully,' 'by shooting,' and 'inflicting injuries' and that this language was then erroneously *omitted* from the accompanying jury instruction." (Emphasis added.) 283 Kan. at 220.

The *Hoge* court rejected Hoge's motion based upon a defective complaint for the same reason given in *Nash*. Both opinions' results and rationale control here. Simply put, Deal does not attack his sentence: he merely challenges his conviction. That challenge would more properly be brought in a motion under K.S.A. 60-1507. But see *State v. Breedlove*, 285 Kan. 1006, 179 P.3d 1115 (2008) (defendant challenged sentence under K.S.A. 22-3504, seeking to have his sentence vacated, but conviction overturned because district court did not have jurisdiction to try him as juvenile).

Here, as the district courts also should have done in *Nash* and *Hoge*, the district court should have denied relief on the basis that the only relief sought was not available under the statute. However,

where the district court reaches the right result, albeit for the wrong reason, it will not be reversed. *Nash*, 281 Kan. at 602.

Affirmed.