NOT DESIGNATED FOR PUBLICATION

Nos. 109,647
112,253

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRON EDWARDS,
*Appellant.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; WARREN M. WILBERT and JOHN J. KISNER, JR., judges. Opinion filed July 1, 2016. Affirmed.


*Kristen B. Patty*, of Wichita, and *Darron Edwards*, pro se, were on the briefs for appellant.


*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.


*Per Curiam*:  Nearly a quarter century ago, in January 1992, Darron Edwards negotiated an agreement with the State whereby he pled guilty and was convicted of aggravated criminal sodomy, aggravated burglary, attempted rape, aggravated battery, two counts of rape, and two counts of aggravated kidnapping. He was sentenced to a controlling term of imprisonment for life, consecutive to a sentence of 20 years to life.


On direct appeal, Edwards argued that his amended information only charged simple kidnapping because it did not recite that bodily injury had been inflicted upon the victim. Following oral argument on direct appeal, the court granted Edwards' motion to

1

withdraw the defective charging document issue. Consequently, this court affirmed the district court's denial of Edward's motion for sentence modification, which sought a sentence for simple kidnapping. Since then, Edwards has filed nearly 2 dozen appeals and original actions, principally challenging his aggravated kidnapping sentences on the same underlying basis as the issue he withdrew on direct appeal, *i.e.*, that the information only charged simple kidnapping.

Once again, this court holds that Edwards is not entitled to any sentencing relief. He loses here for a multitude of reasons, both procedural and substantive. Moreover, at this point, we can confidently declare that we thoroughly understand Edward's argument in all of its many forms but that there is no way in which he can obtain relief from his current aggravated kidnapping sentences no matter how he might attempt to modify, adjust, restate, repurpose, twist, or spin his defective charging document complaint, either procedurally or on the merits.

FACTUAL AND PROCEDURAL OVERVIEW

In January 1992, Edwards signed a document entitled, "Defendant's Acknowledgement of Rights and Entry of Plea," in which he agreed to plead guilty to eight crimes, to-wit: two counts of aggravated kidnapping, two counts of rape, and one count each of aggravated criminal sodomy, aggravated burglary, attempted rape, and aggravated battery. The State agreed to recommend a "sentence of one life sentence plus 20 years consecutive to each other and consecutive to any [probation violation] but concurrent with all other counts in this case and concurrent to any other case(s)." In addition, Edwards agreed "to testify truthfully in any trial of any co-defendant regarding this incident." The district court accepted Edwards' guilty pleas and sentenced him to concurrent terms of life imprisonment for the aggravated kidnapping charges, with these terms running consecutive to a term of 20 years to life.

2

Several months after his sentencing, Edwards moved the district court for leave to withdraw his guilty plea, contending that his convictions were obtained using a coerced confession; that he was denied effective assistance of counsel; and that his plea was induced or involuntary based on a misunderstanding of the charges or their consequences. The district court summarily denied the motion.

Edwards appealed, but his attorney filed a motion to remand the case to the district court to consider a motion to modify sentence, based upon the contention that the State had breached the plea agreement. In addition, Edwards filed a pro se motion to withdraw his plea in district court, arguing, *inter alia*, that his trial counsel had failed to explain that the charges included at least an implied admission that he intended to inflict bodily harm on the victims and that trial counsel had failed to consider Edwards' wish to go to trial. The district court overruled both the motion to withdraw plea and the motion to modify, and the case returned to this court.

But after oral arguments, this court granted Edwards' motion to withdraw the claim that the district court had erred in denying his motion to withdraw his guilty pleas, leaving sentence modification as the sole issue on appeal. *State v. Edwards*, 254 Kan. 489, 489, 867 P.2d 355 (1994). The withdrawal motion is important because that issue included Edwards' argument that the charging document defectively omitted the bodily injury element of aggravated kidnapping. On the remaining issue, this court held that the district court did not abuse its discretion in denying the motion to modify sentence. 254 Kan. at 491.

In 1994, Edwards began his collateral attacks on the aggravated kidnapping sentence with a K.S.A. 22-3504(1) motion to correct an illegal sentence. The motion argued that the sentence was illegal because the flawed charging document only

3

permitted a conviction for simple kidnapping, thereby depriving the district court of jurisdiction to sentence him for aggravated kidnapping. In denying the motion, the district court found that the issue had been raised in an appeal to the Kansas Supreme Court and then abandoned, precluding Edwards from raising the same issue again in a subsequent motion. The court also noted that Edwards had received the exact sentence that he had bargained for during the plea process.

After the district court denied a motion for reconsideration, Edwards appealed. This court affirmed, finding that Edwards' withdrawal of the issue from review on direct appeal effected an abandonment of any argument related to a flawed charging document. *State v. Edwards*, 260 Kan. 95, 98, 917 P.2d 1322 (1996). Specifically, this court explained:

> "It is well settled that an issue neither briefed nor argued on appeal is deemed to have been abandoned. *State v. Pratt*, 255 Kan. 767, Syl. ¶ 4[, 876 P.2d 1390 (1994)]; *State v. Wacker*, 253 Kan. 664, 670, 861 P.2d 1272 (1993); *State v. Mims*, 222 Kan. 335, 564 P.2d 531 (1977). In such circumstances, nonaction is considered to constitute abandonment. Here, more than nonaction is involved—defendant took specific action to withdraw the issue from consideration. Defendant did not want the issue determined because of possible adverse ramifications of being successful on this claim of error. Does withdrawal of an issue equate to saving it for later? We think not. We conclude that the withdrawal of the claim of error from consideration in the direct appeal constitutes abandonment of the claim of error. The withdrawn claim of error cannot be the basis for a second appeal." 260 Kan. at 98.

Further, that decision included a finding that there was "no question that at the time of the pleas and sentencing all parties considered aggravated kidnapping as the charge in each count." 260 Kan. at 97.

That same year, 1996, Edwards filed a pro se motion to modify or reduce his sentence, asking the district court to reduce his class A felony convictions for aggravated kidnapping to class B felony convictions for simple kidnapping. He relied on his previous argument that the charging document failed to actually charge the crime of aggravated kidnapping. In denying the modification motion, the district court noted that the Supreme Court had affirmed the district court's denial of the first motion to modify sentence. This court affirmed the denial of the second motion to modify, with the mandate stating that the affirmance was "pursuant to Rule 7.041, and dispositive holdings in *State v. Edwards*, 260 Kan. 95, 917 P.2d 1322 (1996), and *State v. Edwards*, 254 Kan. 489, 867 P.2d 355 (1994)."

Undeterred, Edwards continued to file serial challenges to his aggravated kidnapping sentences on the same underlying basis, albeit with different phrasing. In one such case, decided some 10 years after Edwards first lost on this issue, this court made the following observation about Edwards' defective charging document argument:  "It has been repeatedly judicially determined that, notwithstanding this defect, defendant was properly convicted of and sentenced on two counts of aggravated kidnapping upon his plea of guilty under the circumstances herein." *State v. Edwards*, 281 Kan. 1334, 1338, 135 P.3d 1251 (2006).

The current case involves motions filed in 2012, again challenging the aggravated kidnapping sentences on the basis that the defect in the charging document means he was only convicted of simple kidnapping, thereby rendering his sentences for aggravated kidnapping illegal. In support, Edwards relied on *State v. Pencek*, 224 Kan. 725, 585 P.2d 1052 (1978), and argued that the district court applied the wrong standard of review when it treated his claim as an attack on his convictions instead of an attack on his sentence. Edwards also moved for an evidentiary hearing and the appointment of counsel. The

5

district court denied the motions in several orders, noting that "[t]hese issues have been denied and previously litigated at district and appellate levels."

The district court entered its order denying the motion to correct an illegal sentence on August 13, 2012. Thereafter, on August 28 and 30, 2012, Edwards filed an amended motion for rehearing and a pro se motion for a supplementary hearing, both challenging the denial of his motion to correct sentence and his motion for an evidentiary hearing. The court ruled on these motions on November 7, 2012, and Edwards mailed the notice of appeal herein on December 3, 2012, designating that he was appealing all of the aforementioned motions.

While the appeal was pending, Edwards filed a new motion to withdraw his guilty plea in district court. He argued that he was incompetent to plead guilty on mental health grounds and that his trial counsel failed to have him evaluated or provide effective assistance in the plea process. The district court denied the motion as "successive and abuse of remedy." The court also noted that the motion was out of time and that the motion and record did not provide any basis for excusable neglect. Edwards appealed, and this court consolidated that case with the other pending appeals.

During the pendency of this appeal, Edwards filed numerous pro se motions. Specifically, he filed a motion for permission to file a reply brief; a motion for summary disposition; a motion to strike statements from State's brief; a motion for appointment of counsel; and a motion to stay appeal to consider ruling on abandonment issue. Upon the filing of this opinion, we deny those motions as moot.

TIMELINESS OF APPEAL

In his pro se amended supplemental brief, Edwards contends that if his sentence is illegal, then it does not matter whether his notice of appeal was timely. We discern that we need not address that contention.

Edwards had 30 days to file an appeal from the entry of judgment on his motion to correct an illegal sentence. But he filed a motion for rehearing and a motion for supplementary hearing during that timeframe. One can fairly construe those as a motion to amend the judgment under K.S.A. 2015 Supp. 60-259(f), given that they challenge the sufficiency of the district court's reasons for denying his motion to correct sentence. K.S.A. 2015 Supp. 60-2103(a); see *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011) ("[T]he procedure for appeal of a judgment in a 60-1507 proceeding is found in K.S.A. 60-2103[a], which governs appeals in civil cases and includes the requirement that a notice of appeal must be filed within 30 days from the entry of judgment."); *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010) (holding that pro se filings should be construed liberally so as to give effect to their content rather than adhering to labels or forms used by the litigant); *State v. Hoge*, 283 Kan. 219, 222, 150 P.3d 905 (2007) ("[I]n general, this court has treated procedural aspects of motions attacking sentences filed under K.S.A. 22-3504 the same as those filed under K.S.A. 60-1507.").  Edwards' notice of appeal would have been timely filed within 30 days of the entry of judgment denying the construed motion to amend. Accordingly, we will proceed as if the notice of appeal was filed within 30 days.

ABANDONMENT OF A CLAIM OF ILLEGAL SENTENCE

Edwards' supplemental brief next contends that his claim of an illegal sentence can never be waived, forfeited, or abandoned because it involves a question of jurisdiction and an illegal sentence claim can be raised at any time. But the law-of-the-case doctrine

7

stands in the way of that argument. *Cf. Venters v. Sellers*, 293 Kan. 87, 97-100, 261 P.3d 538 (2011) (reviewing de novo the applicability of the law-of-the-case doctrine).

Twenty years ago, in its 1996 decision, this court held that Edwards' voluntary withdrawal of the issue from consideration on direct review constituted an abandonment of his claim that a defective charging document deprived the district court of jurisdiction to sentence him for aggravated kidnapping. *Edwards*, 260 Kan. at 98. That court directly addressed both whether Edwards could abandon such a claim and whether he did abandon the claim. 260 Kan. at 98. Under the law-of-the-case doctrine, this court's decision in Edwards' earlier appeal that he abandoned his challenge to his sentence based on an alleged defect in the charging documents controls in this appeal, and it is not subject to reconsideration. See *State v. Morton*, 283 Kan. 464, 472, 153 P.3d 532 (2007) ("Under the rule, it is clear that, when a second trial or appeal is pursued in a case, the first decision is the settled law of the case on all questions addressed in a first appeal. Reconsideration will not be given to such questions.").

PRIOR RULING ON THE MERITS

Edwards argues that the district court erred in applying the doctrine of res judicata because there has never been a ruling on the merits of his claim and a claim of an illegal sentence can be made at any time.

With respect to the first argument, this court did not rule on the merits of his argument because he removed the issue from the court's consideration. Nevertheless, the Court of Appeals did consider the merits of the defective complaint argument under the analytical framework of *State v. Hall*, 246 Kan. 728, 793 P.2d 737 (1990), *overruled in part by Ferguson v. State*, 276 Kan. 428, 78 P.3d 40 (2003). Specifically, the panel held that "[t]he trial court had jurisdiction to convict Edwards of aggravated kidnapping and

8

sentence him accordingly. Edwards' challenge on the legality of his sentences would fail." *Edwards v. State*, No. 84,493, unpublished opinion filed March 23, 2001, *rev. denied* 270 Kan. 900 (2001).

With respect to the argument that a claim of an illegal sentence can be made at any time, that temporal flexibility does not trump the doctrines of res judicata or law-of-the-case. In other words, the right to raise a claim of an illegal sentence at any time does not mean that a defendant can file serial motions to correct an illegal sentence on the same basis. See *State v. Martin*, 294 Kan. 638, 640-41, 279 P.3d 704 (2012) (holding that res judicata bars motions to correct an illegal sentence that only raise previously decided issues or issues that could have been presented but were not, and such repetitive motions are subject to summary dismissal).

RULE 183(C)(3)

Next, Edwards' supplemental brief asserts that the district court erred in denying his motion to correct an illegal sentence under Supreme Court Rule 183(c)(3) (2015 Kan. R. Annot. 271). A review of the district court's orders denying the motions presently on appeal do not reveal any citation to Rule 183, which, as Edwards correctly notes, is inapplicable in a proceeding under K.S.A. 22-3504(1). To the extent the district court might have erred in this regard, the outcome of this appeal would be unaffected.

USING A MOTION TO CORRECT AN ILLEGAL SENTENCE
TO CHALLENGE A DEFECTIVE CHARGING INSTRUMENT

"K.S.A. 22-3504 only applies if the sentence is illegal." *State v Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). This court has defined an "illegal sentence" under K.S.A. 22-3504(1) as:

9

"(1) a sentence imposed by a court without jurisdiction; (2) a sentence that does not conform to the applicable statutory provision, either in the character or the term of authorized punishment; or (3) a sentence that is ambiguous with respect to the time and manner in which it is to be served." 296 Kan. at 902.

Edwards claims that the district court did not have jurisdiction to sentence him for aggravated kidnapping because, based on the charging document, he was only convicted of simple kidnapping and his sentence does not conform to the character and term authorized for simple kidnapping.

This court has repeatedly and emphatically held "that a motion to correct an illegal sentence is not the appropriate vehicle by which to bring a claim that the complaint was defective. *Hoge*, 283 Kan. at 225-26; see *State v. Nash*, 281 Kan. 600, Syl. ¶ 2, 133 P.3d 836 (2006)." *Deal v. State*, 286 Kan. 528, 530, 186 P.3d 735 (2008). The reason for the impropriety is that a defective complaint claim challenges the *conviction*, rather than being an attack on the resulting *sentence*. 286 Kan. at 530.

Presumably because of this impediment, Edwards insists that he is not raising a defective complaint issue or challenging his convictions for aggravated kidnapping. Rather, he insists that he is only challenging his *sentence* as being illegal, because it does not conform to the statutorily allowed sentence for simple kidnapping, a class B felony. What he apparently fails to grasp is that he pled to and was convicted of aggravated kidnapping, a class A felony, so that the character and term of the authorized punishment for a class B felony is irrelevant unless the class A conviction is invalidated for some reason.

The record belies Edwards' repeated assertions that he was only convicted of simple kidnapping. The above-referenced written entry of plea—which Edwards

10

personally signed—clearly and explicitly stated that he was pleading guilty to two counts of aggravated kidnapping, both being identified on the form as an A felony carrying a penalty of life. The transcript of the plea hearing reveals that the judge stated to Edwards that "Count 1 and Count 2 is [*sic*] aggravated kidnapping"; advised him that the "sentence . . . would be . . . life sentence on both counts"; and inquired whether Edwards understood that recitation. Edwards response was, "Yes." The judge then specifically inquired about each incident of kidnapping and obtained Edwards' affirmation that he or his codefendant had committed the acts with which he was charged, *i.e.*, kidnapping a 91-year-old woman and her daughter to facilitate rape, criminal sodomy, and attempted rape. Ultimately, in open court, the judge accepted the pleas and found Edwards guilty of the two counts of aggravated kidnapping. The subsequently filed journal entry confirms that the crime of conviction for each of the first two counts is aggravated kidnapping.

Consequently, Edwards cannot use a motion to correct an illegal sentence to challenge his aggravated kidnapping convictions and without overturning those convictions his sentences were statutorily authorized, *i.e.*, not illegal. Moreover, even if Edwards could challenge his convictions on the basis of a defective complaint, he would still lose under the prejudice test in effect when he pled. See *Hall*, 246 Kan. at 765 (stating rule for first-time-on-appeal challenges to charging document). The extensive discussions among the bench, Edwards, and both attorneys, as memorialized in the plea hearing transcript, clearly indicate that any deficiency in the charging document did not prejudice the preparation of a defense or limit in any way Edwards' substantial rights to a fair trial.

MOTION TO WITHDRAW PLEA

Finally, we briefly address the appeal of the district court's denial of Edwards' motion to withdraw plea that was filed while this appeal was pending. The State points

out a number of procedural reasons we should deny relief. For example, the State argues that Edwards abandoned the claim by failing to brief it; that the district court did not have jurisdiction to hear the motion while an appeal was pending in the case; that the motion was out-of-time and did not assert excusable neglect; and that the motion was successive and an abuse of remedy. All of those arguments have merit, and Edwards has failed to address them.

In addition to the procedural bars to relief, the following statement by defense counsel to the sentencing court supports the notion that Edwards knew exactly what he was doing and got exactly what he asked for, to-wit:

> "Two brief things, your Honor. To clarify the record on the aggravated battery I think everybody does agree the battery of this lady was committed by the co-defendant. My client for what it's worth did not physically beat any of these ladies. We have discussed this case in great detail with the State, with my client. Based upon the past record, the allegations, and every other factor that can be considered in regard to a case like this, Mr. Edwards and the State both believe that the sentence that has been bargained for, although harsh, is something that is appropriate, and he is willing to accept that particular sentence, and he stands before you today asking you to impose the sentence that he has bargained for."

The district court imposed the requested sentence. To be concise, Edwards got the sentence he requested; that sentence is a legal sentence; and there is no way by which Edwards can get any relief from that sentence through this court, either now or at any time in the future.

Affirmed.