NOT DESIGNATED FOR PUBLICATION

No. 119,357

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MAURICE C. WILLIAMS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Lyon District Court; MERLIN G. WHEELER, judge. Opinion filed March 1, 2019. Affirmed.

*Rand Simmons*, of Simmons Law Office, of Emporia, for appellant.

*Amy L. Aranda*, first assistant county attorney, *Marc Goodman*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and LEBEN, JJ.

PER CURIAM: Defendant Maurice Williams appeals the Lyon County District Court's denial of his motion to correct an illegal sentence. Williams contends his term of incarceration should conform to a presumptive guidelines sentence based on what he and the State believed his criminal history category would be at the time he entered a plea rather than on the higher category it turned out to be. The contention would require judicial expansion of the criteria for an illegal sentence in K.S.A. 2017 Supp. 22-3504.

1

Neither we nor the district court have the authority to do so. We, therefore, affirm the district court.

In 2010, Williams pleaded no contest to attempted rape and aggravated burglary. The State and Williams negotiated a plea agreement in good faith on the assumption that Williams would have a criminal history category of C. When a presentence investigation report indicated that Williams' criminal history placed him in category B, Williams objected and filed a motion to withdraw his pleas. The district court denied the motion. At sentencing, the district court found Williams had a criminal history category of B and imposed a term of incarceration on the attempted rape conviction of 216 months and a concurrent term of incarceration of 32 months on the aggravated burglary conviction. Those reflect standard guidelines sentences for a defendant with a category B criminal history, treating the attempted rape as the primary crime. See K.S.A. 2017 Supp. 21-6819(b)(2), (5). If Williams had a category C criminal history, the standard presumptive sentence would have been 102 months on the attempted rape and the sentence for the aggravated burglary would have remained 32 months. Williams has already tried to attack his sentence several times without success.

In February 2018, Williams tried again by drafting and filing a motion to correct an illegal sentence, as provided in K.S.A. 2017 Supp. 22-3504. In his motion, Williams argued that two juvenile adjudications for burglary should not have been scored as person felonies in establishing his criminal history. The district court summarily denied the motion. Williams appealed. With an appointed lawyer for the appeal, Williams has now shifted his argument.

On appeal, Williams urges us to adopt a rule that would require the parties to a plea agreement to file a joint affidavit or some comparable document setting forth the defendant's anticipated criminal history category. And absent such a filing, as would be true here, a resulting sentence should be vulnerable to correction as illegal under K.S.A.

2017 Supp. 22-3504. Williams further suggests that if a defendant's criminal history category were higher than the one stated in the filing, the defendant should be permitted to withdraw his or her plea before sentencing, as provided in K.S.A. 2017 Supp. 22-3210(d)(1). Williams outlines what he says are strong public policies supporting his proposal.

We put aside various procedural obstacles to our considering the argument, including Williams' failure to assert it in the district court. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). Moreover, the proposal doesn't seem to be fully formed in a way that would necessarily benefit Williams in this case.

But there is a more basic problem with Williams' argument, which he acknowledges on appeal. What he proposes doesn't fit within the standards for an illegal sentence.

When Williams filed his motion, K.S.A. 2017 Supp. 22-3504(1) provided that the district court could "correct an illegal sentence at any time." The statute defined an illegal sentence as one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 2017 Supp. 22-3504(3). The Legislature added the definition in 2017. Before then, the statute contained no definition. But the Kansas Supreme Court has repeatedly held that an illegal sentence "is one that (a) is imposed by a court without jurisdiction; (b) does not conform to the statutory provision, either in character or the term of the punishment authorized; or (c) is ambiguous with regard to the time and manner in which it is to be served." *State v. Sims*, 294 Kan. 821, Syl. ¶ 3, 280 P.3d 780 (2012). To state the obvious, the statutory definition and the common-law definition are legally the same.

3

Neither definition embraces what Williams would ask us to apply in this case. We needn't resolve whether the statutory definition applies, since it was in effect when Williams filed his motion, or the common-law definition applies, since it was in effect when Williams was sentenced. See *State v. Deal*, 286 Kan. 528, Syl. ¶ 1, 186 P.3d 735 (2008) (acknowledging common-law definition of illegal sentence). We lack the judicial authority to disregard Kansas Supreme Court precedent. *State v. Hadley*, 55 Kan. App. 2d 141, 154, 410 P.3d 140 (2017), *rev. denied* 308 Kan. 1598 (2018); *State v. Herndon*, 52 Kan. App. 857, 867, 379 P.3d 403 (2016). So we cannot alter the established common law definition of an illegal sentence. Likewise, we may not tinker with clear statutory language, such as the definition of an illegal sentence in K.S.A. 2017 Supp. 22-3504(3). See *Robinson v. City of Wichita Retirement Bd. of Trustees*, 291 Kan. 266, Syl. ¶ 6, 241 P.3d 15 (2010) (The court "will not speculate on legislative intent and will not read the [statutory] provision to add something not readily found in it."); *Casco v. Armour Swift-Eckrich*, 283 Kan. 508, Syl. ¶ 6, 154 P.3d 494 (2007) ("A statute should not be read to add that which is not contained in the language of the statute or to read out what, as a matter of ordinary language, is included in the statute."). Williams would have us impermissibly add to the statutory definition.

In short, we cannot oblige Williams in his quest to redefine what amounts to an illegal sentence. He has not presented us with an argument that would permit us to do so. Accordingly, we have no basis to disturb the district court's ruling denying his motion.

Affirmed.