NOT DESIGNATED FOR PUBLICATION

No. 121,140

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROBERT D. BLAUROCK,
*Appellant*.


MEMORANDUM OPINION


Appeal from Wyandotte District Court; BILL KLAPPER, judge. Opinion filed February 7, 2020. Affirmed.


*Robert D. Blaurock*, appellant pro se.


*Lois Malin*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before WARNER, P.J., POWELL, J., and LAHEY, S.J.


PER CURIAM: Robert D. Blaurock was convicted of a number of sex crimes, and his convictions and sentences were upheld on direct appeal. In 2018, Blaurock filed his present motion to correct an illegal sentence, his principal claim being that the district court erred by ordering some of his sentences to be served consecutively instead of concurrently. He also challenged his convictions based upon trial and charging errors. The district court summarily denied his motion. Blaurock now appeals, claiming the district court erred by not construing his motion as one filed under K.S.A. 60-1507,

1

improperly denying his motion, and failing to declare his sentences as illegal. Our review of the record fails to find any errors by the district court. Thus, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In June 2005, the State charged Blaurock with multiple felonies alleging the repeated sexual assault of his then-girlfriend's 14-year-old daughter, C.S. Ultimately, Blaurock was charged with the following: Counts I through VII, rape (alternatively aggravated indecent liberties with a child) occurring between May 1 and May 25, 2005; Count VIII, aggravated kidnapping occurring on May 25, 2005; Count IX, rape (alternatively aggravated indecent liberties with a child) occurring on May 25, 2005; Count X, rape (alternatively aggravated indecent liberties with a child) occurring on June 1, 2005; Count XI, aggravated criminal sodomy (alternatively criminal sodomy) occurring on June 1, 2005; Count XII, rape (alternatively aggravated indecent liberties with a child) occurring on May 25, 2005; and Count XIII, sexual exploitation of a child occurring on June 1, 2005.

The case went to trial; the jury acquitted Blaurock on Counts I through VII but found him guilty of the alternative charge of aggravated indecent liberties with a child in Count X. The jury deadlocked on the remaining counts, so the district court ordered a second trial on those counts.

Prior to the second trial, the State amended its information and ultimately charged Blaurock with: Count I, rape (alternatively aggravated indecent liberties with a child) occurring on May 25, 2005; Count II, aggravated criminal sodomy (alternatively criminal sodomy) occurring on June 1, 2005; and Count III, sexual exploitation of a child, occurring on June 1, 2005.

2

At the second trial, the State's case showed that on June 1, 2005, C.S. called the police to report that Blaurock had pulled her into his bedroom and raped her earlier that day. Her testimony revealed that a series of rapes and assaults had occurred prior to the June 1 attack and that Blaurock had taken Polaroid photos of some of the acts. C.S. alleged all of the crimes took place at the house where she lived with her mother and Blaurock. Further evidence included witness testimony, including from C.S. and Blaurock, DNA evidence, sexually explicit photographs recovered from Blaurock's residence that he had taken of C.S., and letters from Blaurock to both his mother and C.S.'s mother.

At the end of the second trial, the jury convicted Blaurock of the three remaining counts. On May 12, 2006, the district court sentenced Blaurock to 317 months in prison, with the rape, aggravated indecent liberties with a child, and sexual exploitation of child sentences to be served consecutively and the aggravated criminal sodomy sentence concurrently.

Blaurock appealed his convictions on four grounds: (1) error in admitting evidence of prior crimes; (2) error in allowing the jury to review an unredacted video; (3) violation of his speedy trial rights; and (4) cumulative error. Blaurock also attacked his sentences, arguing the district court erred in using his criminal history to increase his penalty because it had not been proven to a jury beyond a reasonable doubt. Another panel of this court affirmed Blaurock's convictions and sentences, and the Kansas Supreme Court denied subsequent review of Blaurock's appeal. *State v. Blaurock*, 41 Kan. App. 2d 178, 180-81, 201 P.3d 728, *rev. denied* 289 Kan. 1280 (2009).

In January 2010, Blaurock filed a pro se K.S.A. 60-1507 motion. The district court appointed counsel to represent Blaurock, but Blaurock filed an amended pro se 60-1507 motion containing 41 issues. The district court held an evidentiary hearing on the amended motion. The district judge denied all 41 claims. Another panel of our court

3

affirmed the denial of Blaurock's 60-1507 motion. *Blaurock v. State*, No. 108,591, 2015 WL 1122935, at *1 (Kan. App. 2015) (unpublished opinion).

On February 8, 2018, Blaurock filed a second pro se 60-1507 motion and a request for postconviction DNA testing. While these motions were pending, on July 2, 2018, Blaurock filed his present pro se motion to correct an illegal sentence in his original criminal case. The district court summarily denied all three motions. As to Blaurock's motion to correct an illegal sentence, the district court held that Blaurock "has done nothing more than state conclusory remarks that his sentence is illegal. Defendant cites no facts or legal ruling to support his motion." Yet another panel of this court affirmed the denial of Blaurock's second 60-1507 motion. *Blaurock v State*, No. 120,858, 2019 WL 7207548, at *1 (Kan. App. 2019) (unpublished opinion), *petition for rev. filed* January 28, 2020.

Blaurock timely appeals the denial of his motion to correct an illegal sentence.

ANALYSIS

On appeal, Blaurock raises six arguments: (1) The district court erred in failing to liberally construe his motion to correct an illegal sentence as a K.S.A. 60-1507 motion; (2) the district court erred in failing to grant him a hearing on his motion to an correct illegal sentence; (3) the district court erred in ordering some of his sentences to run consecutively; (4) his sentences are illegal because his convictions are unsupported by substantial competent evidence and are multiplicitous; (5) the district court erred in denying his claim of structural defects in the information; and (6) the district court erred in denying his claim of structural defects in a jury instruction.

4

I.      DID THE DISTRICT COURT ERR BY NOT CONSTRUING BLAUROCK'S MOTION TO CORRECT AN ILLEGAL SENTENCE AS A 60-1507 MOTION?

Blaurock argues that the district court erred in not construing his motion to correct an illegal sentence as a 60-1507 motion, claiming that fairness dictates that his motion, as a pro se pleading, be liberally construed as a 60-1507 motion.

"Pro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial." *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010). "Whether the district court correctly construed a pro se pleading is a question of law subject to unlimited review." *Kelly*, 291 Kan. at 565.

In *State v. Redding*, 310 Kan. 15, 444 P.3d 989 (2019), our Supreme Court considered the following facts when reviewing whether the district court properly declined to construe Redding's pro se motion to correct an illegal sentence as a 60-1507 motion. First, Redding labeled the motion as a motion to correct an illegal sentence. Second, he filed the motion in his criminal case as required for motions to correct an illegal sentence, rather than as a separate civil action as required for 60-1507 motions. Third, the motion was not submitted on the Judicial Council forms for a 60-1507, nor did it contain the information required by the 60-1507 forms and, thus, failed to comply with Supreme Court Rule 183(e) (2019 Kan. S. Ct. R. 228). Fourth, the content of the motion was consistent with its label.

Redding relied on *State v. Harp*, 283 Kan. 740, 744, 156 P.3d 1268 (2007), which held that "'although not required to do so, the district court *could* have construed Harp's pro se motion to correct an illegal sentence as a motion challenging his sentence under K.S.A. 60-1507.' (Emphasis added.)" *Redding*, 310 Kan. at 19. However, the *Redding*

court found that "there are limits to a court's duty to liberally construe pro se pleadings; a court is not required to divine every conceivable interpretation of a motion, especially when a movant repeatedly asserts specific statutory grounds for relief and propounds arguments related to that specific statute." 310 Kan. at 18. "[I]f the district court was not required to construe a motion to correct an illegal sentence as a 60-1507 motion, then the declination to do so would not be reversible without a showing of an abuse of discretion." 310 Kan. at 19.

Here, Blaurock labeled his motion as "Motion for Correction of an Illegal Sentence Pursuant to K.S.A. 22-3504," and he filed the motion in his criminal case. Blaurock did not use the Judicial Council forms for a 60-1507 motion nor does his motion contain the information required by those forms. All of these facts support a conclusion that the district court properly declined to construe Blaurock's motion as a 60-1507 motion.

Perhaps most striking here is the fact that Blaurock clearly knew how to file a 60-1507 motion. He has previously filed two pro se 60-1507 motions, both of which were hundreds of pages in length. Moreover, his second 60-1507 motion was filed merely four months before this motion and was denied by the district court in the same order as his motion to correct an illegal sentence. Blaurock is no stranger to the requirements and intricacies of the creation and filing of a 60-1507 motion.

These factors aside, the body of the motion itself is a blend of issues that are the fodder for a motion to correct an illegal sentence, a direct appeal, and a 60-1507 motion. For example, Blaurock argues his sentence does not conform to the applicable statutory provisions because the district court incorrectly ordered sentences to run consecutively rather than concurrently, then he raises error with the information and jury instructions, and he argues his convictions are multiplicitous and lacking proper evidentiary support.

6

In light of the entirety of Blaurock's filings, however, we hold the district court did not err in refusing to construe the motion as a 60-1507 motion.

II.     DID THE DISTRICT COURT PROPERLY DENY BLAUROCK'S MOTION TO CORRECT AN ILLEGAL SENTENCE?

Blaurock's remaining issues on appeal generally argue that the district court erred in denying his motion to correct an illegal sentence:  (1) The district court made insufficient findings of fact in its denial of the motion; (2) the district court erred in ordering some of his sentences to run consecutively; (3) his sentence is illegal because he was sentenced to crimes for which there was insufficient evidence and the convictions are multiplicitous; (4) his sentence is illegal because of alleged errors in the charging document; and (5) his sentence is illegal because of alleged errors in the jury instructions. We address these arguments in order.

"Whether a sentence is illegal under K.S.A. 22-3504 is a question of law" over which the appellate court has unlimited review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016). When a district court summarily denies a motion to correct an illegal sentence, as is the case here, we apply a de novo standard of review because we have the same access to the motion, records, and files as the district court. *State v. Gray*, 303 Kan. 1011, 1013-14, 368 P.3d 1113 (2016).

A.      *Did the district court make sufficient findings of fact?*

First, Blaurock asserts that the district court erred in failing to grant him a hearing on his motion to correct an illegal sentence. Yet the body of his brief argues that the district court's denial of the motion is "so insufficient" that "it impedes effective appellate review" because the decision issued by the district court is "devoid" of any findings of

fact. The State argues that findings of facts are unnecessary for appellate review because of the standard of review.

Blaurock cites two cases to support his position:  *Makthepharak v. State*, 298 Kan. 573, 314 P.3d 876 (2013), and *Harris v. State*, 31 Kan. App. 2d 237, 62 P.3d 672 (2003). These cases are unpersuasive and do not support the proposition for which Blaurock cites them. First, *Makthepharak* does not require a district court to make findings of facts regarding dismissal.

> "For more than 20 years we have instructed district courts considering a motion to correct an illegal sentence to conduct an initial examination of the motion. . . . [I]t then 'may dismiss [the] motion . . . "'without a hearing or appointment of counsel if . . . the motion, files, and records of the case conclusively show the defendant is not entitled to relief.'" [Citations omitted.]'" 298 Kan. at 576.

Similarly, *Harris* does not support Blaurock's proposition that a district court must make detailed findings of facts when summarily denying a motion to correct an illegal sentence. First, *Harris* involves the denial of a 60-1507 motion, not the denial of a motion to correct an illegal sentence. Second, the district court in *Harris* did not summarily deny the motion as did the district court here; rather, the district court denied Harris' 60-1507 motion after an evidentiary hearing. *Harris* does not apply and does not support Blaurock's position.

The Kansas Supreme Court "has consistently directed district courts considering a motion to correct an illegal sentence to conduct a preliminary examination of the motion to determine whether substantial questions of law or fact are raised by a motion." *State v. Campbell*, 307 Kan. 130, 137, 407 P.3d 240 (2017). Here, the district court did just that and held it was "clear from review of the record and the motion [Blaurock] is not entitled to relief."

Further, even if we were to agree that the district court's factual findings were somehow lacking, our review is not hindered in any way because we review the motions, records, and files de novo. See *Gray*, 303 Kan. at 1014. The district court did not err in not failing to make more extensive findings of fact or in ruling without a hearing.

B. *Did the district court err in ordering some sentences to run consecutively*?

Next, Blaurock argues that the district court erred in ordering some of his sentences to run consecutively. Specifically, he argues that running his sentences consecutive to each other was a manifest injustice negatively affecting his liberty interests. The State responds that the district court did not abuse its discretion when it sentenced Blaurock.

Under K.S.A. 2018 Supp. 22-3504(1), an illegal sentence is one "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." Blaurock does not assert under which of these scenarios he is alleging his sentence is illegal. It appears to us that Blaurock is arguing his sentence did not conform to the applicable statutory provisions.

Blaurock was sentenced as follows:

- Rape:  226 months' imprisonment, the aggravated presumptive sentence;
- Aggravated indecent liberties with a child:  59 months' imprisonment, the standard presumptive sentence;
- Aggravated criminal sodomy:  117 months' imprisonment, the standard presumptive sentence; and
- Sexual exploitation of a child:  32 months' imprisonment, the standard presumptive sentence.

9

The rape, aggravated indecent liberties with a child, and sexual exploitation of child sentences were ordered to be served consecutively; the sentence for the aggravated criminal sodomy conviction was ordered to be served concurrently.

The statute in effect at the time of Blaurock's sentencing—K.S.A. 2005 Supp. 21-4720(b)—gave the district judge discretion to impose concurrent or consecutive sentences in a multiple conviction case. Thus, our review of the district court's decision to impose consecutive sentences is for an abuse of discretion. A district court abuses its discretion when its action is based on an error of law or fact or if the action is arbitrary, fanciful, or unreasonable. See *State v. Ross*, 295 Kan. 1126, 1138, 289 P.3d 76 (2012). Blaurock bears the burden of establishing such an abuse of discretion. See *State v. Corbin*, 305 Kan. 619, 622, 386 P.3d 513 (2016).

Blaurock also bears the burden of providing some evidentiary basis to support a motion to correct an illegal sentence—conclusory assertions are not enough. See *State v. Patterson*, 262 Kan. 481, 485-86, 939 P.2d 909 (1997). On appeal, Blaurock does not allege any errors of fact or law and only argues that imposition of the consecutive sentences was a manifest injustice negatively affecting his liberty interests. This argument is unpersuasive.

Before imposing consecutive sentences, the district court considered that Blaurock was convicted of multiple "horrific" sexual assaults of C.S. that occurred on two separate dates and began just a week after she turned 14 years old. Based on the record before us, we easily conclude a reasonable person could have agreed with the district court that consecutive sentences were appropriate. There was no abuse of discretion by the district court, and it did not impose an illegal sentence by ordering some sentences to be served consecutively.

10

III.     WERE BLAUROCK'S SENTENCES ILLEGAL?

Blaurock's remaining issues assert that the district court erred in denying his motion to correct an illegal sentence for three reasons: (1) His sentence is illegal because he was sentenced to crimes for which there was insufficient evidence and the convictions are multiplicitous; (2) his sentence is illegal because of alleged errors in the charging document; and (3) his sentence is illegal because of alleged errors in the jury instructions.

A.     *Was Blaurock sentenced to multiplicitous crimes unsupported by sufficient evidence?*

The title of Blaurock's third issue on appeal asserts that the district court erred in imposing only the greater crimes' punishments when there were lesser included offenses he could and should have been sentenced to instead. But a deeper examination of his brief reveals that Blaurock is essentially arguing his sentence is illegal because his convictions are unsupported by substantial competent evidence and are multiplicitous.

Regardless of semantics, Blaurock is seeking to set aside his convictions via a motion to correct an illegal sentence. Standing in the way of Blaurock's claims is K.S.A. 22-3504, which does not create a vehicle for a defendant to challenge a conviction collaterally. "This court has repeatedly stated that the relief available under K.S.A. 22-3504 is correction of a sentence, not reversal of a conviction." *State v. Trotter*, 296 Kan. 898, 902, 295 P.3d 1039 (2013). Any claim that a conviction is unsupported by sufficient evidence or is multiplicitous cannot be challenged in a motion to correct an illegal sentence. See *State v. Edwards*, 281 Kan. 1334, 1341, 135 P.3d 1251 (2006) (holding claim of multiplicitous convictions does not establish jurisdictional defect and cannot be challenged in motion to correct illegal sentence); *State v. Simmons*, No. 95,096, 2007 WL 316788, at *3 (Kan. 2007) (unpublished opinion) (holding claim of illegal convictions supported by insufficient evidence not "within the limited definition of illegal sentence"

11

and cannot be brought through K.S.A. 22-3504). Thus, Blaurock's attempt to use K.S.A. 22-3504 to challenge the validity of his convictions is improper.

B.     *Were there errors in the charging document?*

Next, Blaurock argues that the district court erred in summarily denying his motion to correct an illegal sentence because errors in the information filed in this case created structural defects. Specifically, he argues that the alleged errors in the information created a lower burden of proof for the State.

Again, Blaurock is seeking to set aside his convictions via a motion to correct an illegal sentence, which is improper. See *Trotter*, 296 Kan. at 902. In his brief, Blaurock claims *State v. Sims*, 294 Kan. 821, 825, 280 P.3d 780 (2012), supports his proposition that "a motion to correct an illegal sentence is an appropriate vehicle to dispute whether a complaint was defective because such a claim challenges the conviction." However, Blaurock misquotes *Sims*. The holding in *Sims* is actually to the contrary:  "[A] motion to correct an illegal sentence is an *inappropriate* vehicle to dispute whether a complaint was defective because such a claim challenges the conviction, not the sentence." (Emphasis added.) 294 Kan. at 825 (quoted in *Trotter*, 296 Kan. at 902); see *State v. Deal*, 286 Kan. 528, 530, 186 P.3d 735 (2008).

Under K.S.A. 2018 Supp. 22-3208(4),

"[a] plea of guilty or a consent to trial upon a complaint, information or indictment shall constitute a waiver of defenses and objections based upon the institution of the prosecution or defects in the complaint, information or indictment other than it fails to show jurisdiction in the court or to charge a crime."

12

When Blaurock consented to and proceeded with a jury trial on the charges in the information, he waived any objection to his conviction based on alleged errors in the information. As before, Blaurock's attempt to use K.S.A. 22-3504 to challenge the validity of his convictions is both improper and lacks merit.

C.       *Were there errors in the jury instructions?*

Finally, Blaurock argues there were structural defects with his jury instructions, specifically that Instructions 27 and 28 from the first trial and 10 and 11 from the second trial were legally inappropriate and prejudicial.

Again, we need not reach the merits of Blaurock's argument. A "jury instruction claim cannot be raised in a motion to correct an illegal sentence" because it challenges the defendant's conviction, not the sentence imposed. *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014). Blaurock's attempt to raise this issue in his motion to correct an illegal sentence is improper.

Accordingly, the district court did not err in summarily denying Blaurock's motion to correct an illegal sentence because the motion, files, and records of the case conclusively show that Blaurock was not entitled to relief.

Affirmed.