NOT DESIGNATED FOR PUBLICATION

No. 112,557

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TOMMY MAY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed November 13, 2015. Affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and POWELL, JJ.

*Per Curiam*: Tommy May contends, in his fourth appeal arising out of his 1984 aggravated robbery convictions, that the trial court erred in summarily dismissing his K.S.A. 60-1507 motion. For the reasons stated below, we affirm the trial court's dismissal of May's latest motion.

In 1984, a jury convicted May of two counts of aggravated robbery. May was sentenced to not less than 10 nor more than 20 years on count one, and to 15 years to life on count two. At sentencing, the trial court discussed whether May's sentences would run

1

consecutively or concurrently but it did not expressly state its decision. Nevertheless, the journal entry stated that May's sentences were to be served consecutively. Our Supreme Court affirmed May's convictions on direct appeal. *State v. May*, No. 58,710, unpublished Supreme Court opinion filed July 18, 1986.

On appeal to our Supreme Court from the denial of his first motion to correct illegal sentence, May unsuccessfully argued that he was denied allocution at sentencing and also appointment of counsel and a hearing on the motion itself. See *State v. May,* No. 98,708, 2009 WL 242412 (Kan. 2009) (unpublished opinion). On appeal to our court from the denial of his second motion to correct illegal sentence, May again argued that he was denied counsel and a hearing, and he also asserted that his sentences were ambiguous. May's appeal was unsuccessful. See *State v. May,* No. 104,169, 2011 WL 3250576 (Kan. App. 2011) (unpublished opinion). On appeal to our court from the denial of his third motion to correct illegal sentence, May argued for the first time that his sentence was illegal because the sentencing court lacked jurisdiction for not considering K.S.A. 21-4606(b). Again, May's appeal was unsuccessful. See *State v. May*, No. 107,729, 2013 WL 1010580 (Kan. App. 2013) (unpublished opinion).

With regard to the fourth motion which is now on appeal, the trial court summarily denied May's K.S.A. 60-1507 motion as untimely.

In his K.S.A. 60-1507 motion, May argued that his appellate counsel who represented him on appeal from the denial of his first two illegal sentence motions was ineffective. May contends that as a result of his appellate counsel's ineffectiveness, his illegal sentence argument "has never gone before the Kansas Supreme Court." May maintains that he failed to timely file a petition for review of this court's July 2011 ruling because of his appellate counsel's ineffectiveness. As a result, May requested that the trial court allow him to "resume at the point in the appeal where counsel withdrew and movant mistakenly filed a second [motion to correct illegal sentence] challenging the court of

appeals [*sic*] adverse ruling instead of the required petition for discretionary review." In his supplement to his motion, May asked the trial court to transfer the matter to the Kansas Supreme Court.

The trial court summarily dismissed May's K.S.A. 60-1507 motion as untimely.

*Did the Trial Court Err in Dismissing May's K.S.A. 60-1507 Motion?*

On appeal, May argues that the trial court erred in dismissing his K.S.A. 60-1507 motion as untimely without first holding an evidentiary hearing. May contends that he raised legitimate claims regarding his appellate counsel's deficient representation, and therefore, he should have been entitled to a hearing.

When the trial court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Edgar v. State,* 294 Kan. 828, 836, 283 P.3d 152 (2012). And, to the extent that this court must interpret K.S.A. 60-1507(f) to resolve this issue, we have an unlimited standard of review. See *State v. Hoge*, 283 Kan. 219, 221, 150 P.3d 905 (2007).

As to the timeliness of a K.S.A. 60-1507 motion, any action brought under K.S.A. 60-1507 must be brought within 1 year of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 60-1507(f)(1)(i). In this case, our court issued its mandate in May's appeal on August 25, 2011. May did not file his pro se K.S.A. 60-1507 motion until May 8, 2014. Because May filed his K.S.A. 60-1507 motion clearly out of time, he must show that an extension of that deadline is necessary to prevent a manifest injustice. K.S.A. 60-1507(f)(2); *State v. Kelly*, 291 Kan. 868, 873, 248 P.3d 1282 (2011). This court has

3

previously interpreted "manifest injustice" to mean "obviously unfair" or "shocking to the conscience." *Ludlow v. State*, 37 Kan. App. 2d 676, 686, 157 P.3d 631 (2007).

Recently, in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014), our Supreme Court clarified the standards trial courts should use when determining whether an untimely K.S.A. 60-1507 motion may proceed. The *Vontress* court held that instead of just examining the reason for the delay of an untimely motion, trial courts should consider the totality of the circumstances. See 299 Kan. 607, Syl. ¶ 7. For example, the trial court should consider whether

> "(1) the movant provides persuasive reasons or circumstances that prevented him or her
> from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the
> movant's claim raise substantial issues of law or fact deserving of the district court's
> consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,*
> factual, not legal, innocence." *Vontress*, 299 Kan. at 616.

Because May clearly filed his motion well after the 1-year period had expired, we must determine whether he has met his burden to establish that an extension of the time limitation is necessary to prevent manifest injustice.

May concedes that he did not timely file his K.S.A. 60-1507 motion because he filed his motion more than 2 years and 9 months after our court denied review of his appeal. Nevertheless, May argues that the trial court erred in dismissing his motion because he has established that it would be manifestly unjust not to extend the time limitation of K.S.A. 60-1507(f)(1)(i).

In *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013), our Supreme Court held that "[a] defendant who files a motion under K.S.A. 60-1507 outside the 1-year time limitation in K.S.A. 60-1507(f) and fails to assert manifest injustice is procedurally barred from maintaining the action." The *Trotter* holding was applied by

4

this court in *Wooldridge v. State*, No. 108,797, 2013 WL 5870050, at *4-5 (Kan. App. 2013) (unpublished opinion), *rev. denied* 300 Kan. 1108 (2014). In *Wooldridge* this court affirmed the trial court's dismissal of Wooldridge's K.S.A. 60-1507 motion as time barred because Wooldridge failed to argue before the trial court that dismissal of his motion would create manifest injustice.

In this case, as in *Wooldridge*, May failed to argue before the trial court that dismissing his motion based on the 1-year time limitation under K.S.A. 60-1507(f)(1)(i) would be manifestly unjust. In fact, May concedes that he never mentioned the words "manifest injustice" in his K.S.A. 60-1507 motion. May never even addressed the fact that he was filing his motion outside the K.S.A. 60-1507(f)(1)(i) time limitation. Instead, May asserts that his arguments regarding the ineffective assistance of his appellate counsel and the resulting prejudice clearly show why it would be manifestly unjust not to extend the K.S.A. 60-1507(f)(1)(i) time limitation for the first time on appeal. Because May failed to argue that dismissal under K.S.A. 60-1507(f)(1)(i) would be manifestly unjust before the trial court, May is procedurally barred from maintaining his action on appeal.

In any event, it is difficult to imagine a legitimate claim of manifest injustice based on the facts of this case. May contends that his appellate counsel was ineffective for failing to file a petition for review in his prior 2011 case. The problem with this argument is that May was successful in his appeal in the 2011 case. The 2011 case dealt with an illegal sentence motion where May argued that the journal entry incorrectly stated that his sentences were consecutive rather than concurrent. Our court held that May's sentence was not illegal but remanded the case for the journal entry to be corrected to show that May's sentences were to run concurrently. Thus, May got the result he wanted, which was for his sentences to run concurrently. Supreme Court Rule 8.03(a) (2014 Kan. Ct. R. Annot. 77) provides that only a party that is "aggrieved by a decision of the Court of Appeals" is allowed to file a petition for review. Therefore, although our

5

court affirmed the denial of May's illegal sentence motion he still received the desired result on remand which was a corrected journal entry. As a result, there was no relief for which the Supreme Court could have granted May based on his argument.

Affirmed.