IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,635

STATE OF KANSAS,
*Appellee*,

v.

KRISTOFER J. WRIGHT,
*Appellant*.

SYLLABUS BY THE COURT

1.

A continuance hearing is a critical stage of a criminal trial, requiring the defendant's presence.

2.

When the record on appeal does not contain sufficient factual findings to permit an appellate court to determine whether a violation of a defendant's right to be present at a continuance hearing was harmless, the appropriate response is to remand temporarily to the district court to make the necessary findings.

Appeal from Sedgwick District Court; JOSEPH BRIBIESCA, judge. Opinion filed March 24, 2017. Remanded with directions.

*Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, argued the cause, and *Michael P. Whalen*, of the same firm, was with her on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were with him on the brief for appellee.

1

The opinion of the court was delivered by

BEIER, J.: Defendant Kristofer J. Wright appeals his convictions for first-degree premeditated murder and conspiracy to commit murder. Wright raises five issues in his appeal, but today we address only his claim that his right to be present at all critical stages of his trial was violated.

Because the record is insufficient for us to complete meaningful review of this issue, and it may be dispositive of the entire appeal, we remand to the district court for factual findings, as described below. We retain appellate jurisdiction and will revisit this case once the findings have been made and added to the record before us.

FACTUAL AND PROCEDURAL BACKGROUND

Wright was charged with premeditated first-degree murder and conspiracy to commit murder for the shooting death of Jordan A. Turner. Defense attorney Timothy A. Frieden was appointed to represent Wright.

Wright wrote Frieden multiple letters from jail while awaiting trial. Wright also mailed the letters to the clerk of the district court to have them included in his case file. In a letter mailed and file stamped shortly before his first scheduled trial date, Wright wrote that he did not "want any more continuance[s] accredited to me" and that he wished to "invoke my right to be present at all critical stages."

Frieden nevertheless appeared before the district court on the date first set for trial—August 19, 2013—without Wright. Frieden also requested a continuance. The

2

district judge granted the continuance, which delayed the start of Wright's trial past the applicable statutory 90 days. See K.S.A. 2012 Supp. 22-3402(a).

After the 90 days expired, Wright filed a pro se motion to dismiss the case against him, arguing that his right to be present at all critical stages and his right to a speedy trial were violated on August 19.

At the hearing on the motion to dismiss, Frieden said he could not argue the merits of the motion because of Wright's assertion that Frieden's request for the continuance was unauthorized. The district judge allowed Wright to speak on his motion, and Wright said that he had told Frieden he did not want any continuances and that he wanted to be present at all critical stages. The State argued in response that it would have requested a continuance on August 19, had it known Wright objected to the continuance sought by Frieden, because there was still unavailable material evidence at that time. The district judge denied Wright's pro se motion to dismiss.

Frieden withdrew from representation of Wright, and attorney Steven D. Mank entered his appearance as Wright's new counsel.

After a jury convicted Wright on both counts, he filed a motion for new trial. The testimony at the motion hearing focused primarily on the alleged violation of Wright's right to a speedy trial, even though Wright continued to assert a violation of his right to be present. The district judge denied Wright's motion for new trial without making any findings about Wright's right to be present on August 19. Neither Mank nor the State objected to the lack of findings on that issue.

3

In this appeal, Wright again argues that his statutory and constitutional right to be present at every critical stage was violated, compelling reversal of his convictions and dismissal of the charges.

An appellate argument on a "defendant's right to be present at every critical stage of his or her criminal trial raise[s] an issue of law over which this court exercises unlimited review." *State v. Verser*, 299 Kan. 776, 787, 326 P.3d 1046 (2014).

We have recently resolved the question of whether a continuance hearing is a critical stage at which a defendant is entitled to be present:

"Under the plain language of [the speedy trial statute,] K.S.A. 22-3402, a continuance resulting from a defendant's request stays the running of the statutory speedy trial period. When the request is made by defense counsel, the request for continuance is attributable to the defendant unless the defendant timely voices an objection. Because a defendant's disagreement matters in a statutory speedy trial analysis, a defendant must have an opportunity to be present to express that disagreement." *State v. Dupree*, 304 Kan. 43, Syl. ¶ 2, 371 P.3d 862 (2016).

Moreover, if a defendant is denied his or her right to be present and object at a continuance hearing, and the continuance is granted, it is unlikely there will be a remedy on appeal even if an appellate court later attributes the continuance time to the State. See *State v. Brownlee*, 302 Kan. 491, 511, 354 P.3d 525 (2015) (interpreting K.S.A. 22-3402) (even if continuance originally attributed to defense is attributed to State on appeal, appellate remedy very limited). In other words, in most instances, if a personal objection from the defendant is going to be more than a hollow gesture, it needs to be heard and adjudicated in the district court.

4

This case provides a signal example of these principles. Wright and Frieden evidently did not agree on the necessity or advisability of the continuance Frieden obtained on August 19, but Wright was not present at this critical stage to voice his opinion. We have no hesitance in ruling that his right to be present at all critical stages of his trial was violated.

Having determined that there was a violation of Wright's right to be present, we would normally move to an evaluation of whether the State has established that the error was harmless under the constitutional standard. See *Verser*, 299 Kan. at 789. Under that standard,

> "'error may be declared harmless where the party benefitting from the error proves beyond a reasonable doubt that the error complained of will not or did not affect the outcome of the trial in light of the entire record, *i.e.*, where there is no reasonable possibility that the error contributed to the verdict.' *State v. Ward*, 292 Kan. 541, Syl. ¶ 6, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012)." *Verser*, 299 Kan. at 789.

Unfortunately, our ability to examine harmlessness here is stymied by the lack of factual findings on the presence issue from the district court. See *State v. Hoge*, 283 Kan. 219, 221-22, 150 P.3d 905 (2007) (meaningful appellate review precluded when trial court's findings of fact, conclusions of law inadequate to disclose controlling facts, basis for court's findings); see also *State v. Moncla*, 269 Kan. 61, 65, 4 P.3d 618 (2000) (district judge must make factual findings before appellate review can occur). Without more information about the parties' circumstances and the avenues available to them and the judge on August 19, we cannot determine with any level of confidence whether Wright's absence was prejudicial. We are unable to assume that he would have changed the judge's mind about granting the continuance, making his trial timely commenced; we are unable to assume that the State would have obtained the continuance in spite of

Wright's objection; we are unable to make any reliable prediction of the strength of the State's case or the strength of Wright's defense depending on the day the trial began. See *Verser*, 299 Kan. at 789-90 (strength of prosecution's case one of the factors in harmlessness analysis after violation of defendant's right to be present at all critical stages of trial).

Ordinarily we would be inclined to lay the impotence of the record on appeal on this issue solely at the feet of the State, which must demonstrate harmlessness once an error is shown. See *Ward*, 292 Kan. 541, Syl. ¶ 6 (State, as party benefitting from error, bears burden of showing harmlessness). We do not do so automatically here, because defense counsel and the district judge also share some responsibility for the absence of findings in the record. Defense counsel put no emphasis on this issue at the hearing on the motion for new trial and did not object to the lack of findings. See *State v. Rodriguez*, 302 Kan. 85, 91, 350 P.3d 1083 (2015) (party must object to inadequate findings of fact to preserve issue for appeal). And the judge did not ensure that all necessary findings were made on each outstanding issue, which is inconsistent with the judge's duty under Rule 165 (2017 Kan. S. Ct. R. 214).

The one person who certainly shares none of the responsibility for letting this issue drop is Wright himself. He asserted his right to be present in the letter to Frieden, copied to the clerk of the court, who placed the letter in the court file. Wright filed the pro se motion to dismiss for violation of his right to speedy trial and, as part of it, again drew the court's attention to the violation of his right to be present. He repeatedly voiced his disapproval of the continuance Frieden obtained in his absence. This chain of events is reminiscent of those in *State v. Raskie*, 293 Kan. 906, 925-26, 269 P.3d 1268 (2012), and *State v. Seward*, 289 Kan. 715, 217 P.3d 443 (2009), in which defendants took steps to raise constitutional issues before district judges, but the judges' findings were inadequate for purposes of appellate review.

6

"When an appellate court is presented with inadequate findings, the proper course taken depends on whether the issue was raised and can be resolved without remand." *State v. Neighbors*, 299 Kan. 234, 240, 328 P.3d 1081 (2014) (citing *Raskie*, 293 Kan. at 925-26 [remanding because district judge made inadequate findings on defendant's cruel and unusual punishment argument]). We are left with no choice but remand for findings here, because we cannot decide from the record before us whether Wright's absence on August 19 had serious or minimal consequences. As soon as the district court has made findings about what would have occurred during the August 19 court appearance if Wright had been included, we can move forward with this appeal. We therefore retain appellate jurisdiction, in the same manner that we retain it when we remand to district court for examination of an ineffective assistance of counsel claim under *State v. Van Cleave*, 239 Kan. 117, 120-21, 716 P.2d 580 (1986).

CONCLUSION

This case is remanded for factual findings by the district court, as outlined above. This court retains appellate jurisdiction.