NOT DESIGNATED FOR PUBLICATION

No. 127,313

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MATTHEW J. KOLBEK JR.,
*Appellant.*


MEMORANDUM OPINION

Appeal from Shawnee District Court; CHERYL A. RIOS, judge. Submitted without oral argument. Opinion filed December 12, 2025. Affirmed.

*Wendie C. Miller*, of Kechi, for appellant.

*Carolyn A. Smith*, assistant district attorney, *Michael F. Kagay,* district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before HURST, P.J., GARDNER and BOLTON FLEMING, JJ.


PER CURIAM:  Matthew J. Kolbek Jr. appeals the Shawnee County District Court's denial of his motion to correct an illegal sentence. He argues his prior criminal threat conviction was improperly included in his criminal history score, resulting in an illegal sentence. But because our review shows that Kolbek has failed to meet his burden of proof on this matter, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

In May 2021, Kolbek pleaded guilty to aggravated burglary and aggravated assault with a deadly weapon in case 19 CR 1810 and possession with the intent to distribute cocaine in case 18 CR 2851. As part of the plea agreement, the State agreed not to refile charges in a third dismissed case, and Kolbek indicated that he expected his criminal history score to be B.

Kolbek's presentence investigation (PSI) report included a 2016 conviction for criminal threat that was scored as a person felony. This conviction, which the PSI report generally described as a "Criminal Threat" under K.S.A. 21-5415(a)(1), gives rise to this appeal.

Kolbek's two cases were consolidated for sentencing under 19 CR 1810. At sentencing, the district court found Kolbek's criminal history score to be B because of the two person felonies on his PSI report. Kolbek did not object. In July 2021, the district court sentenced him to a term of 168 months in prison in the two cases. Kolbek did not appeal.

Two years later, Kolbek moved to correct an illegal sentence. He argued that his prior criminal threat conviction was for reckless conduct so it should not have been included in his criminal history, based on *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019). *Boettger* held that "the reckless disregard provision encompasses more than true threats and thus potentially punishes constitutionally protected speech. The reckless disregard provision is thus overbroad and unconstitutional." *State v. Johnson*, 310 Kan. 835, 842, 450 P.3d 790 (2019). Kolbek argued that the factual basis given at the plea hearing for his criminal threat conviction did not show he had made an intentional criminal threat, but only a reckless one.

The State responded that although the Kansas Supreme Court had not overruled *Boettger*, the United States Supreme Court had effectively done so in *Counterman v. Colorado*, 600 U.S. 66, 81-82, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023). *Counterman* held that the First Amendment to the United States Constitution requires proof of a defendant's subjective understanding of the threatening nature of a statement to be punished as a crime, but a mental state of recklessness is sufficient to establish a true threat, contrary to *Boettger*. And we are duty bound to follow controlling United States Supreme Court precedent. See *State v. Davidson*, 314 Kan. 88, 91, 495 P.3d 9 (2021); *State v. Kornelson*, 311 Kan. 711, 715, 466 P.3d 892 (2020); *State v. Lawson*, 296 Kan. 1084, Syl. ¶ 1, 297 P.3d 1164 (2013) ("The United States Supreme Court's interpretation of the United States Constitution is controlling upon and must be followed by state courts."). So, under *Counterman*, the State argued that Kolbek's prior criminal threat conviction was properly scored as a person felony.

The district court denied Kolbek's motion. It noted that Kolbek was claiming that "his prior conviction for criminal threat was based on reckless behavior despite a lack of clear findings" in that case. It then focused, as the parties did, on the legal arguments. It observed that *Boettger* had been decided before Kolbek was sentenced, so *Boettger* would usually apply to Kolbek's sentencing claim. But the district court found that at the time *Boettger* was decided, the United States Supreme Court had not decided "whether someone who utters a threat of violence in reckless disregard of causing fear has uttered a true threat." The district court also noted that between the time Kolbek filed his motion and the State responded, a panel of this court decided *State v. Phipps*, 63 Kan. App. 2d 698, 539 P.3d 227 (2023), *appeal dismissed* 320 Kan. 616, 624, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025. The *Phipps* panel opined that "perhaps the holding in *Counterman* is what the Kansas Supreme Court calls a 'subsequent development[ ] in the law,' rather than a true change in the law, that shows that an earlier determination—the holding in *Boettger*—was wrong on the merits." 63 Kan. App. 2d at 710.

3

The district court found this reasoning persuasive and concluded that *Counterman* and *Phipps* were subsequent developments in the law that applied to Kolbek, so *Boettger* did not apply. The district court thus held that Kolbek's sentence was legal:

> "To summarize, [Kolbek] would benefit from the ruling in *Boettger* because it was decided before he was sentenced. In contrast, *Counterman* and *Phipps* both occurred after the finality of [Kolbek's] sentence, which occurred after the 14-day appeal period expired. Normally, the rulings in *Counterman* and *Phipps* would not have applicability to this analysis. However, based on the discussion in *Murdock*, the Court finds the rulings in *Counterman* and *Phipps* are 'subsequent developments' in the law, which impact the Court's reliance on *Boettger*. This Court must follow United States Supreme Court precedent on constitutional issues, meaning *Boettger* is no longer good law based on the ruling in *Counterman*.
>
> "At the time [Kolbek] was sentenced, the statute making reckless criminal threats a crime was considered unconstitutional based on the ruling in *Boettger*, which we now recognize as an incorrect interpretation of the law. As a result, the Defendant's sentence was legal at the time it was pronounced."

Kolbek now timely appeals the district court's denial of his motion to correct an illegal sentence. We note, however, that the Kansas Supreme Court recently granted motions for rehearing and modification by both parties in *Phipps,* 320 Kan. 616, so we do not rely on that case.

ANALYSIS

*Did the district court err by denying Kolbek's motion to correct an illegal sentence?*

Kolbek argues that his sentence is illegal because his prior reckless criminal threat conviction was erroneously scored as a person felony, resulting in an incorrect criminal history score. He contends that had the reckless criminal threat conviction not been included in his criminal history. That exclusion would have reduced his criminal history

4

score from a B to a D. In response, the State argues that *Counterman*, 600 U.S. 66, controls and finds, contrary to *Boettger*, that a reckless mental state is sufficient to sustain a criminal threat conviction, thus our criminal threat statute has always been constitutional. In the alternative, the State argues that the facts provided during the plea hearing show that Kolbek's conduct was intentional, so even if *Boettger* applies, Kolbek's prior criminal threat was properly scored because it fell under the intentional portion of the statute, which has never been declared unconstitutional.

*Standard of Review and an Overview of Criminal History*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. To the extent resolution of Kolbek's argument requires interpretation of a statute, this court's review is also unlimited. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

The Kansas Sentencing Guidelines use a combination of a person's criminal history and the severity level of the crime of conviction to determine the presumptive sentencing range for that offense. See K.S.A. 21-6805. A person's criminal history for sentencing purposes generally includes any previous felony and misdemeanor convictions. See K.S.A. 21-6810(c). These prior convictions are also classified as "person" or "nonperson" crimes. See K.S.A. 21-6810(c), (d); K.S.A. 21-6811(e). The classified prior convictions are tallied, with the number of specific types of crimes resulting in a more severe criminal-history score. See K.S.A. 21-6809. For example, two prior person felony convictions result in a criminal history score of B, while one prior person felony conviction results in a criminal history score of D. K.S.A. 21-6809. The lower one's criminal history score, the lower the presumptive sentencing range. See K.S.A. 21-6804 (sentencing grid for nondrug crimes); K.S.A. 21-6805 (sentencing grid for drug crimes).

5

An illegal sentence is defined as a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1). See *State v. Dickey*, 301 Kan. 1018, 1034, 350 P.3d 1054 (2015) (explaining when district court improperly classifies prior conviction for purposes of determining defendant's criminal history score, an illegal sentence results).

Kolbek asserts that his sentence does not conform to the applicable statutory provisions because his prior criminal threat conviction may have been for a reckless threat which should not have been classified as a person felony. As he argues, if his prior criminal threat conviction had not been included in his criminal history score, then his criminal history score would have been a D instead of a B, which would reduce his sentence. See K.S.A. 21-6804; K.S.A. 21-6809.

*Legal Background*

In *Boettger*, 310 Kan. at 822-23, the Kansas Supreme Court held that the part of K.S.A. 2016 Supp. 21-5415(a)(1) that defined the crime of reckless criminal threat was unconstitutionally overbroad because it punishes conduct that is constitutionally protected under some circumstances, reversing this court's contrary finding in *State v. Boettger*, No. 115,387, 2017 WL 2709790, at *5 (Kan. App. 2017) (unpublished opinion). That statute defined "criminal threat" to include a threat to "[c]ommit violence communicated with intent to place another in fear . . . or in reckless disregard of the risk of causing such fear." Kansas law defined "criminal threat" the same way in 2016 when Kolbek was convicted of criminal threat. See K.S.A. 2016 Supp. 21-5415(a)(1).

Both parties filed Rule 6.09 letters addressing *State v. Smith*, 320 Kan. 62, 563 P.3d 697 (2025), which the Kansas Supreme Court issued after their briefs were filed.

*Smith* interpreted and applied K.S.A. 21-6810(d)(9). K.S.A. 21-6810(d)(9) provides that "'[p]rior convictions of a crime defined by a statute that has since been determined unconstitutional by an appellate court shall not be used for criminal history scoring purposes.'" 320 Kan. at 90. The *Smith* court held that the "literal reading" of this statute is correct. Thus,

> "If a prior conviction arose under a statute 'that has since been determined unconstitutional by an appellate court,' it cannot be counted in a criminal history score. Nothing in the plain language of the statute qualifies this limitation by considering *subsequent repudiations* of an appellate court's holding that a statute is unconstitutional." 320 Kan. at 91.

*Smith* held that because the Kansas Supreme Court had held the reckless portion of the statute unconstitutional in *Boettger*, no subsequent ruling, such as in *Counterman*, matters. The *Smith* court thus held that the United States Supreme Court's ruling in *Counterman* was irrelevant to the consideration of whether a prior criminal threat conviction should be included in an offender's criminal history score: "And while the parties argue at length as to whether *Counterman* . . . effectively overruled *Boettger*, this consideration is irrelevant under the plain language of K.S.A. 21-6810(d)(9), which asks *only* whether an appellate court 'has since' ruled the statute unconstitutional—not whether that holding remains good law." *Smith*, 320 Kan. at 91.

Under *Smith* and K.S.A. 21-6810(d)(9), if the prior conviction arose under the "intentional" clause of the statute, then it is properly included in the offender's criminal history. See *Smith*, 320 Kan. at 91 ("*Boettger*, 310 Kan. at 822, held that *the portion* of K.S.A. 2018 Supp. 21-5415 criminalizing reckless criminal threat is unconstitutional." [Emphasis added.]); 320 Kan. at 91 ("Because the State failed to carry its evidentiary burden that Smith's 2003 conviction arose under *a portion of the statute* that remained constitutional after *Boettger*, the district court erred in including Smith's 2003 conviction in his criminal history score."[Emphasis added.]). But if the prior conviction arose under

7

the "reckless" portion of the statute, then it must be excluded from the offender's criminal history.

Because the Kansas Supreme Court in *Boettger* invalidated the reckless portion of Kansas' criminal threat statute as unconstitutional, and because Kansas law forbids convictions arising under statutes that have since been found unconstitutional from being used for criminal history purposes, Kolbek argues that his prior criminal threat conviction could not be included in his criminal history score absent proof *by the State* that his conviction was for intentional criminal threat. See K.S.A. 21-6810(d)(9); *Smith*, 320 Kan. at 91; *Boettger*, 310 Kan. at 822-83. Under the facts of this case, we disagree.

*Kolbek bears the burden of proof.*

The burden of proof as to criminal history is established by statute—K.S.A. 21-6814. Subsection (d) applies if "an offender raises a challenge to the offender's criminal history for the first time on appeal." That subsection does not apply here, as Kolbek first raised his objection to his criminal history score at the district court level, although long after he was sentenced. In this event, the last sentence of subsection (c) applies, placing the burden of proof on the offender.

> "(c) Upon receipt of the criminal history worksheet prepared for the court, the offender shall immediately notify the district attorney and the court with written notice of any error in the proposed criminal history worksheet. Such notice shall specify the exact nature of the alleged error. The state shall have the burden of proving the disputed portion of the offender's criminal history. The sentencing judge shall allow the state reasonable time to produce evidence to establish its burden of proof. If the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 21-6814.

8

Kolbek did not challenge his criminal history score during sentencing. Because Kolbek "later challenge[d]" his criminal history but did not do so for the first time on appeal when K.S.A. 21-6814(d) would apply, the burden of proof has shifted to him to prove his criminal history by a preponderance of the evidence. K.S.A. 21-6814(c).

Unlike the defendant in *Smith*, Kolbek did not challenge his criminal history until after sentencing, even though *Boettger*, which forms the basis for his challenge, was decided well before his sentencing. Because Kolbek filed his motion in the district court after sentencing, he, and not the State, bears the burden to prove to us his criminal history by a preponderance of the evidence. K.S.A. 21-6814(c). "Preponderance of the evidence" is defined as "'evidence which is of greater weight or more convincing than the evidence which is offered in opposition to it.'" *In re B.D.-Y.*, 286 Kan. 686, 691, 187 P.3d 594 (2008).

*The documents fail to establish facts to support a determination of reckless or intentional criminal threat.*

When, as here, the PSI report does not establish which version of the offense the defendant committed, and the defendant brings his motion in the district court, the court applies the "'modified categorical approach.'" That approach allows the court to examine the charging documents of the prior case, any plea agreements, transcripts of plea hearings, findings of fact and conclusions of law from any bench trial, as well as jury instructions and completed verdicts—to determine which statutory alternative formed the basis for conviction. See *State v. Obregon*, 309 Kan. 1267, 1274, 444 P.3d 331 (2019) (discussing modified categorical approach in relation to alternative means out-of-state crimes). A similar approach is reflected in K.S.A. 21-6814(d) when a defendant challenges his or her criminal history for the first time on appeal. In that event, this court "may take judicial notice of such journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions" when determining whether

9

prejudicial error exists. K.S.A. 21-6814(d).

The district court considered documents from Kolbek's 2016 Shawnee County criminal threat case and that same information is in our record on appeal. Although K.S.A. 21-6814(d) authorizes us to "take judicial notice of such journal entries, complaints, plea agreements, jury instructions and verdict forms for Kansas convictions when determining whether prejudicial error exists" *when the sentencing issue is raised for the first time on appeal*, no similar statutory authorization exists for us to do so when a sentencing issue is raised to the district court after sentencing, as here. See K.S.A. 21-6814(c). The parties have a full, fair opportunity to make their case by producing evidence either to the district court when the issue is raised there, or to the appellate court when the issue is first raised here, but neither party gets a second bite at the apple. We thus review the documents the parties produced for the district court's review—the complaint, the factual basis for Kolbek's 2016 plea, Kolbek's no contest plea, and the journal entry of judgment from his 2016 criminal threat conviction.

The complaint for Kolbek's 2016 criminal threat conviction charged him with one count each of aggravated burglary, criminal threat, theft, and criminal damage to property. The language regarding the criminal threat charge stated:

> "On or about the 15th day of August, 2016 in the State of Kansas and County of Shawnee, MATTHEW J KOLBEK JR., did, then and there, unlawfully, feloniously, and knowingly, communicate a threat to commit violence, with the intent to place another in fear or in reckless disregard of the risk of causing such fear, to-wit: Stacia Chantel Darlene Kolbek, contrary to the form of the statutes in such case made and provided and against the peace and dignity of the State of Kansas."

This language essentially mirrors the language from the criminal threat statute. See K.S.A. 2016 Supp. 21-5415(a)(1). Neither this charging document nor the recording of

Kolbek's conviction on the PSI differentiates between intentional or reckless criminal threat.

At the plea hearing, the State gave the following factual basis for the plea, as required by K.S.A. 2016 Supp. 22-3210(a)(4):

> "[I]f that matter were to come to trial . . . the State would present evidence that on or about the 15th day of August, 2016, the defendant was over the age of 18, Stacia Kolbek was over the age of 18, and the defendant and Stacia Kolbek were in a domestic relationship by virtue of the fact that they were in an intimate relationship and have resided together at some point in the past.
> "The evidence would show that on that date, the defendant went to 1645 Southwest 37th Street, apartment 916, where Stacia was residing. [Kolbek] asked to come into the apartment and was told he could not. He threatened to stab Stacia to death with scissors. The evidence would show that this event occurred in Shawnee County, Kansas."

The record on appeal does not indicate if Kolbek had scissors in his possession when he threatened to stab Stacia Kolbek to death. The factual basis for Kolbek's plea does not expressly differentiate between reckless and intentional criminal threat.

Kolbek pleaded no contest to this criminal threat charge, and the district court found him guilty. The State argues that because Kolbek agreed the State would have been able to meet its burden beyond a reasonable doubt if the case went to trial, the intentional mental state is satisfied. But we are persuaded to the contrary by *State v. Martinez-Guerrero*, No. 123,447, 2022 WL 68543, at *5-6 (Kan. App. 2022) (unpublished opinion). There, Martinez-Guerrero entered a no-contest plea, as did Kolbek, and the panel held that the plea did not help the State establish which version of criminal threat the defendant pleaded to:

11

"Although ""a defendant does not expressly admit his [or her] guilt"" under a no-contest plea, such a plea ""authorizes the court for purposes of the case to treat him [or her] as if he [or she] were guilty.' During such pleas a defendant is agreeing to refrain from contesting, rather than affirmatively voicing his [or her] guilt to, the charge or charges.'" A district court is required to establish a factual basis for the crime charged before it can accept a no-contest plea.

"By entering into a no-contest plea, Martinez-Guerrero did not admit to the underlying facts of the case. Strictly speaking, Martinez-Guerrero pled no contest to reckless or intentional criminal threat. A factual basis only needed to be established for reckless or intentional criminal threat for the district court to accept Martinez-Guerrero's plea because that was how he was charged. Thus, Martinez-Guerrero's no-contest plea does not help the State in this instance because his plea does not establish which version of criminal threat he pled to—intentional or reckless criminal threat. The State still had to prove Martinez-Guerrero's prior criminal threat conviction was for an intentional threat. It failed to do so on the record before us. [Citations omitted.]" 2022 WL 68543, at *6.

We find this reasoning persuasive and reject the State's argument to the contrary. Here, as in *Martinez-Guerrero*, the plea does not establish which version of criminal threat the defendant pleaded to—intentional or reckless criminal threat.

The 2016 journal entry of judgment from Kolbek's criminal threat conviction also failed to differentiate between reckless and intentional criminal threat. It simply stated that Kolbek had been convicted under K.S.A. 2016 Supp. 21-5415(a)(1), which stated: "(a) A criminal threat is any threat to: (1) Commit violence communicated with intent to place another in fear, . . . or in reckless disregard of the risk of causing such fear."

Because of the lack of specificity in the documents relating to Kolbek's prior criminal threat, they fail to show whether his 2016 criminal threat was made recklessly or intentionally.

*The facts fail to support a determination of reckless or intentional criminal threat as a matter of law.*

We must also decline the State's invitation to find as a matter of law that Kolbek's acts were intentional, even if, at first blush, a threat to stab a person to death with scissors may appear to be intentional. In *State v. Degand*, 63 Kan. App. 2d 457, 462-65, 530 P.3d 439, *rev. denied* 317 Kan. 847 (2023), for example, the defendant approached law enforcement officers with a pair of gardening shears in one hand and a gardening picket in his other hand and threatened them. Yet that threat was not enough to establish whether Degand had made the comments recklessly in the heat of the moment or had intended to threaten the law enforcement officers.

Recent cases illustrate that facts that may seem to be intentional could be reckless. See, e.g., *State v. Lindemuth*, 312 Kan. 12, 18-19, 470 P.3d 1279 (2020) (threat to "'just shoot ya. You come up here, I'll kill you,'" was "more reckless, impulsive bluster than an intentional threat"); *Johnson*, 310 Kan. at 841-44 (criminal threat could be reckless when defendant made threats of violence towards his mother such as he would "''burn [her] shit up''" and "''kill [her] ass''"); *Martinez-Guerrero*, 2022 WL 68543, at *5-6 (threat to shoot police officer during altercation with law enforcement could be reckless criminal threat); *State v. Cardillo*, No. 120,606, 2021 WL 1149145, at *2 (Kan. App. 2021) (unpublished opinion) (threats of, "'I will kill you,'" "'This is not going to end nice 'cause I'm going to be out eventually,'" and, "'You know what I'm capable of,'" to another while both were in the back of a patrol vehicle could be reckless criminal threat).

Thus neither the caselaw nor the documents the district court reviewed from Kolbek's 2016 criminal threat case tip the scales in the decision whether Kolbek's 2016 criminal threat was made recklessly or intentionally.

13

*The burden of proof controls.*

The facts show that Kolbek could have intended his statements to be a threat—supporting an intentional version of the offense—or he could have made the statements in the heat of the moment or in anger without intending them to be a threat—supporting a reckless version of the offense. The documents from Kolbek's 2016 case, and the law established in similar cases, show that his conviction could have been for an intentional or a reckless criminal threat. Because it is unclear which provision of the criminal threat statute Kolbek's prior conviction was based on, Kolbek has failed to meet his burden to prove by a preponderance of the evidence that his criminal threat was made recklessly. K.S.A. 21-6814(c). We thus find no error by the district court in finding Kolbek's criminal history score to be a B and affirm its decision as right for the wrong reason. *State v. Overman*, 301 Kan. 704, 711-12, 348 P.3d 516 (2015).

Affirmed.

* * *

HURST, J.: I respectfully dissent as to the result. The majority's recitation of the law, particularly regarding the labyrinthine caselaw addressing reckless criminal threat convictions in recent years, is thorough and accurate. See, e.g., *Counterman v. Colorado*, 600 U.S. 66, 81-82, 143 S. Ct. 2106, 216 L. Ed. 2d 775 (2023); *State v. Smith*, 320 Kan. 62, 562 P.3d 697 (2025); *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019); and *State v. Phipps*, 63 Kan. App. 2d 698, 539 P.3d 227 (2023), *appeal dismissed* 320 Kan. 616, 570 P.3d 1240 (2025), *reh. granted* October 17, 2025. I make no objection to the majority's recitation or interpretation of the recent caselaw on this topic.

I also agree that Kolbek had the burden to prove his criminal history by a preponderance of the evidence because he did not challenge his criminal history at sentencing. The procedural posture here is important—Kolbek first challenged his

14

criminal history through a motion to correct an illegal sentence filed with the district court under K.S.A. 22-3504. Kolbek's failure to object earlier to his criminal history shifted the burden to prove his criminal history score from the State to him. See *State v. Daniels*, 319 Kan. 340, 554 P.3d 629 (2024). Therefore, the burden fell on Kolbek to prove his criminal history score through that proceeding. K.S.A. 21-6814(c) ("If the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence."). Kolbek endeavored to meet that burden.

I diverge from the majority's opinion only to the extent that it decides the merits of Kolbek's motion for the first time on appeal when the district court made no such determination. Kolbek's motion to correct an illegal sentence included argument that the filings did not demonstrate whether the prior criminal threat conviction was intentional rather than reckless. He argued that "there was no evidence or accusation of a weapon being seen in [his] presence or recovered from [him]," his threat was analogous to a "reckless threat made in the heat of the moment." Kolbek cited unpublished caselaw indicating that a no-contest plea cannot establish whether the conviction was reckless or intentional. Finally, citing other unpublished cases, Kolbek argued that if the court could not conclusively establish the criminal threat was reckless, it still had authority to exclude it from his criminal history score.

The district court held a hearing on the issue on November 3, 2023, where Kolbek's counsel generally stated that the record did not show Kolbek's prior conviction was for intentional criminal threat. Kolbek's counsel then spoke to the issue of the controlling law on the matter. The State did not address the merits of Kolbek's argument regarding the legality of his prior conviction—instead, the State briefly addressed the controlling law. The district court, in its Memorandum Decision and Order denying Kolbek's motion, only addressed the controlling law issue—whether *Boettger*,

15

*Counterman*, or *Phipps* applied. The court heard no evidence on the merits other than cursory statements of Kolbek's counsel; it did not address any filings cited in Kolbek's motion; and it made no related factual findings. Presumably, the district court felt no need to consider the merits of Kolbek's arguments because it determined that *Boettger* did not apply. Therefore, prior to Kolbek's appeal to this court, the merits of his motion to correct an illegal sentence had not been addressed.

Thus, if this court were to decide the merits of Kolbek's motion for the first time on appeal, one could argue the proper review would be under K.S.A. 21-6814(d). In that situation, the defendant has the burden of designating a record on appeal showing prejudicial error. K.S.A. 21-6814(d). However, there is no need to make that determination here. While I agree it may sometimes be proper for this court to review the record and make factual findings for the first time on appeal, that is not the case here where the defendant sought review in the district court and the district court failed to make the inquiry. The majority notes that Kolbek does not get a "second bite" at trying to meet his burden—the problem here is that the district court did not address the merits of Kolbek's claims or the record. Therefore, he has not had a "first bite."

Kolbek raised this issue to the district court in a motion to correct an illegal sentence, but the district court denied it based only on a misapplication of the law. Accordingly, this court should remand for the district court to apply the accurate law and make its own findings. See *State v. Hoge*, 283 Kan. 219, 222, 150 P.3d 905 (2007) (noting the requirement that a district court make factual findings and conclusions of law on all issues presented by a K.S.A. 22-3504 motion); but see cf. *Daniels*, 319 Kan. at 349-50 (where appellate court addressed the merits of Daniels' argument under K.S.A. 21-6814 without remand). While I recognize that in *Daniels* the appellate court addressed the merits of Daniels' argument regarding whether a prior conviction should be classified as a person or nonperson felony for the first time on appeal applying K.S.A. 21-6814(c), *Daniels* is distinguishable. In that case, Daniels raised the issue for the first time on

16

appeal and the court recognized that subsection (d) may have been applicable but noted that neither party addressed it in their briefs. Here, unlike in *Daniels*, Kolbek did not raise the issue for the first time on appeal; it was only addressed for the first time on appeal. This court lacks a district court determination of the merits of Kolbek's claim to review and thus should remand for that review.